UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GERARD VON DRAKE HARRIS,[1]
    *Plaintiff*,

v.

MAYOR JOE GANIM,
    *Defendant*.

No. 3:23cv1168(MPS)

**RULING ON MOTION TO DISMISS**

Plaintiff Gerard Von Drake Harris, proceeding *pro se*, brings this civil rights action against Bridgeport Mayor Joseph Ganim alleging claims arising from Harris's October 2022 arrest.[2] The Defendant moves to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). ECF No. 10. Despite notice, Harris has failed to file any response to the motion. For the reasons that follow, the complaint is dismissed.

**I.    FACTUAL BACKGROUND**

The following facts, taken from the complaint (ECF No. 1-1), are accepted as true for the purpose of this motion.

On October 5, 2022, Harris was "being harassed and chased by three bounty hunters on Waterview Ave without Bridgeport Police being notif[ied.]" ECF No. 1-1 at 4. "Aces Bail Bonds and Palmett Surety Corporation and the States Attorney hired them to illegally arrest [him] on a failure to appear warrant that was never filed into the Clerk of Court from the original warrant, charge that I never committed in 2019." *Id.* "And the three Bounty hunters used deadly force on me and almost like to took my life and costed over $300,000 in [injuries] to my body and [I] am

---

[1] The Clerk shall amend the case caption as indicated above.
[2] This case was originally filed in Connecticut Superior Court. Ganim removed to this Court on the grounds of federal question jurisdiction under 28 U.S.C. § 1331.

suing you Mayor Ganim, Fakhra Khan, and Aces Bail Bonds[3] because your police officers and the court system try to cover it up so these are officers that you swore into office so now am suing you on the following charges."

Harris lists a slew of claims asserted against Ganim including wrongful conviction, fabrication of evidence, attempted murder, false imprisonment, assault and battery, kidnapping, falsifying government documents, sexual advances, excessive force, malicious prosecution, and obstruction of justice. He also alleges violation of 18 U.S.C. §§ 241, 242, 513-514, and 1746. ECF No. 1-1 at 8.

## II.     Legal Standard

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), I must determine whether the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). I accept as true all of the complaint's factual allegations when evaluating a motion to dismiss, *id.*, and must "draw all reasonable inferences in favor of the non-moving party," *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (citation omitted).

---

[3] Only Mayor Ganim is named in the caption of the complaint. He is therefore the only defendant, even though Harris refers to other individuals and entities in his complaint. *See Gilhooly v. Armstrong*, No. 3:03CV1798(MRK), 2006 WL 322473 at *2 (D. Conn. Feb. 9, 2006) ("Rule 10(a) of the Federal Rules of Civil Procedure requires plaintiffs to list all defendants in the caption of a complaint. Because [plaintiff] has not included [these individuals] in the caption of his Complaint, they are not defendants in this action at this time and the Court will not consider any claims against them.").

Although a *pro se* complaint must be liberally construed "to raise the strongest arguments it suggests," *pro se* litigants are nonetheless required to "state a plausible claim for relief." *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (brackets, internal quotation marks, and citations omitted). "[A] liberal interpretation of a *pro se* civil rights complaint may not supply essential elements of the claim that were not initially pled." *Darby v. Greenman*, 14 F.4th 124, 130 (2d Cir. 2021).

### III.   DISCUSSION

#### Constitutional Claims

Harris appears to bring this action under 42 U.S.C. § 1983, which creates a federal cause of action against any person who, under color of state law, deprives a citizen or a person within the jurisdiction of the United States of any right, privilege, or immunity secured by the Constitution or laws of the United States. 42 U.S.C. § 1983. To recover damages in a § 1983 suit, a plaintiff must show the "personal involvement of [the] defendant[] in [the] alleged constitutional deprivation[ ]." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Here, Harris fails to allege any facts as to Ganim's personal involvement in the alleged unconstitutional conduct. He alleges that Ganim is liable for the alleged conduct "because the[y] are officers that [he] swore[d] into office," ECF No. 1-1 at 4, but that is insufficient. Swearing employees "into office" does not violate anyone's constitutional rights. Further, "supervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*." *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) (citing *Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir. 1989)). "[S]upervisors cannot be held liable based solely on the alleged misconduct of their subordinates." *Fernandez v. City of New York*, 457 F. Supp. 3d 364, 393 (S.D.N.Y. 2020) (internal quotation marks omitted). "In other words, supervisory officials may not be held liable

merely because they held a position of authority." *Rasheen v. Adner*, 356 F. Supp. 3d 222, 233 (N.D.N.Y. 2019). Rather, a defendant "must have been personally involved in a constitutional deprivation to be held liable under [section] 1983." *Flannery v. City of Rochester*, 640 F. Supp. 3d 267, 279 (W.D.N.Y. 2022); *see also Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("[A] plaintiff must plead and prove 'that each [g]overnment-official defendant, through the official's own individual actions, has violated the Constitution.'" (quoting *Iqbal*, 556 U.S. at 676)). Accordingly, Harris's complaint does not state a claim for relief that is plausible on its face because the facts alleged, even assuming them to be true, do not allow this Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (emphasis added). Even assuming that all of the events in Harris's complaint did in fact occur, I cannot reasonably infer from the allegations that Mayor Ganim is responsible for any unconstitutional conduct. Therefore, Harris's constitutional claims are dismissed.

**Statutory Claims**

Harris also alleges violations of various federal criminal statutes - 18 U.S.C. §§ 241 and 242 (conspiracy to interfere with and deprivation of federal civil rights) and 18 U.S.C. §§ 513-514 (counterfeit securities).[4] Even if Harris alleged facts as to Ganim's involvement, these claims would fail because "federal criminal statutes do not provide private causes of action." *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009) (summary order). The criminal statutes cited by Harris do not give rise to a cause of action that a private party may allege as a basis for relief in a civil action. *See Miller v. Semple,* No. 3:18CV1769(JAM), 2019 WL 6307535, at *8 (D. Conn. Nov. 25, 2019) (holding that no private cause of action exists under 18 U.S.C. §§ 241, 242); *Levine v. Downey Sav. & Loan F.A.,* No. CV-09-1656-PHX-JAT, 2009 WL 4282471, at *5 (D. Ariz. Nov.

---

[4] The complaint also cites "18 U.S.C. § 1746." ECF No. 1-1 at 8. That, however, is not a statute.

25, 2009) (no private cause of action under 18 U.S.C. §§ 513–514).  Accordingly, these claims are dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss (ECF No. 58) is granted. There are no federal law claims remaining, and there is no diversity jurisdiction based on the citizenship of the parties.  To the extent that Harris alleges any state law claims, I decline to exercise supplemental jurisdiction over them, *see* 28 U.S.C. § 1367(c)(3); *Astra Media Grp., LLC v. Clear Channel Taxi Media, LLC*, 414 Fed. App'x 334, 337 (2d Cir. 2011) ("[W]e have generally held that where all the federal claims have been dismissed at a relatively early stage, the district court should decline to exercise supplemental jurisdiction over pendent state-law claims."), and those claims are dismissed without prejudice.

The case is DISMISSED without prejudice to the filing of an amended complaint that addresses the deficiencies identified herein, together with a motion to reopen, within 30 days of the entry of this ruling. The Clerk is directed to close this case.

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
November 27, 2023